UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NEGALE BROWN
individually, a Georgia
citizen and resident,

        Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation.

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NEGALE BROWN, a citizen and resident of the State of Georgia, through undersigned counsel, sues Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, NEGALE BROWN, is a citizen and permanent resident of the state of Georgia and is sui juris.

3. Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332, diversity of citizenship. The Plaintiff is a citizen and resident of the State of Georgia, while the Defendant for jurisdictional purposes is a citizen of Florida as the state of its principal place of business. The amount at issue, exclusive of interest and costs, exceeds the applicable jurisdictional amount of $75,000.00. The damages alleged in Paragraph 15 below, including a tendon rupture in Plaintiff's left arm, support an award of damages in excess of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that general in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

7. Venue is also proper because in the operative ticket contract between the parties, drafted by or on behalf of the Defendant, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on August 6, 2019. A copy of the notice of claim, made by certified mail, is attached as Exhibit 1.

9. The Defendant has agreed to extend the time to file suit provided by the ticket contract, so the filing of this action is timely.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "MARINER OF THE SEAS."

11. At all material times, the Plaintiff was a fare-paying passenger on board the M/S MARINER OF THE SEAS and in that capacity was lawfully present on board the vessel.

12. The M/S MARINER OF THE SEAS contains an onboard bungee/trampoline attraction on Deck 13, known as the "Sky Pad.". Passengers using the Sky Pad attraction are connected to bungee cords while jumping on an inflatable trampoline.

13. Defendants' crew members, stationed at the Sky Pad attraction, are required to connect the bungee cords around the passengers' bodies, adjust the tension and/or laxity of the bungee cords so as to allow for safe jumping, and assist and instruct passengers on how to use the Sky Pad safely.

14. On or about July 23, 2019, while the Plaintiff was lawfully on board the M/S MARINER OF THE SEAS as a fare paying passenger, he was using the Sky Pad attraction by jumping on the bungee trampoline. Defendant's attending crewmember adjusted the tension in Plaintiff's bungee cord as Plaintiff was flipping, thereby causing Plaintiff to lose control of his rotation and injure his left arm.

15. As a direct and proximate result of the events described in the preceding paragraph, the Plaintiff was injured in and about his body and extremities, including a tendon rupture in his left arm, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation or activation of preexisting conditions, and the inability to lead a normal life. The Plaintiff has lost wages in the past and has a future loss of earnings capacity. Furthermore, he

incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT OPERATION OF SKY PAD**

16. The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

17. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included the duty to take reasonable steps to operate the Sky Pad attraction in a reasonably safe manner, including taking reasonable care in adjusting the tension of the bungee cord used by passengers in the Sky Pad attraction.

18. At all material times, the Defendant either actually knew or in the exercise of reasonable care should have known, through knowledge of applicable industry standards, prior incidents, its management and operation of similar attractions onboard other vessels and on affiliated shore excursions, or otherwise, that adjusting the tension of a bungee cord while a passenger such as the Plaintiff was using it to rotate or flip was dangerous and or hazardous, and therefore they should have taken reasonable preventive measures to ensure that the bungee cords were not adjusted while passengers, such as Plaintiff, were performing flips or rotations.

19. Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the Defendant, through its attending crewmembers operating the Sky Pad, failed to exercise reasonable care in its operation and were thereby negligent by adjusting or attempting to adjust the tension of the bungee cord while Plaintiff was flipping or rotating. Since the negligence was operational negligence by crewmembers acting

in furtherance of the vessel's business, operation of the Sky Pad attraction, the Defendant is vicariously liable for the negligence of its crewmembers operating the Sky Pad.

20. At all material times the Defendant owed a duty of care to the Plaintiff to operate the Sky Pad attraction in a safe condition. The Defendant, through its crewmembers operating the Sky Pad, breached its duty to the Plaintiff by one or more of the following:

   i. Failing to operate the Sky Pad in a reasonably safe manner;

   ii. Attempting to adjust the tension of the bungee cord on the Sky Pad under circumstances and at a time when changes in the tension of the cord posed hazards to passengers using the cord;

   iii. Failing to monitor the appropriateness of adjusting the bungee cord in conjunction with the jumping activity of passengers;

   iv. Failing to provide a reasonably safe adjustment method for the bungee cords.

21. As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT MAINTENANCE OF SKY PAD

22. The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

23. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included the

duty to take reasonable steps to maintain the Sky Pad attraction in a reasonably safe condition, including taking reasonable care in adjusting the tension of the bungee cord used by passengers in the Sky Pad attraction.

24. At all material times, the Defendant either actually knew or in the exercise of reasonable care should have known, through knowledge of applicable industry standards, prior incidents, its management and operation of similar attractions onboard other vessels and on affiliated shore excursions, or otherwise, that adjusting the tension of a bungee cord while a passenger such as the Plaintiff was using it to rotate or flip was dangerous and or hazardous, and therefore they should have taken reasonable measures to maintain the Sky Pad properly by ensuring that the bungee cords thereon were not adjusted while passengers, such as Plaintiff, were performing flips or rotations.

25. Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the Defendant, through its attending crewmembers operating the Sky Pad, failed to exercise reasonable care in its maintenance and were thereby negligent by adjusting or attempting to adjust the tension of the bungee cord while Plaintiff was flipping or rotating. Since the negligence was negligence by crewmembers acting in furtherance of the vessel's business, maintenance of the Sky Pad attraction, the Defendant is vicariously liable for the negligence of its crewmembers in improperly maintaining the Sky Pad.

26. At all material times the Defendant owed a duty of care to the Plaintiff to maintain the Sky Pad attraction in a safe condition. The Defendant, through its crewmembers maintaining the Sky Pad, breached its duty to the Plaintiff by one or more of the following:

    i. Failing to maintain the Sky Pad in a reasonably safe manner;

      ii.      Attempting to adjust the tension of the bungee cord on the Sky Pad under circumstances and at a time when changes in the tension of the cord posed hazards to passengers using the cord;

      iii.     Failing to monitor the appropriateness of adjusting the bungee cord in conjunction with the jumping activity of passengers;

      iv.     Failing to provide a reasonably safe adjustment method for the bungee cords.

27. As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III – FAILURE TO WARN

28. The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

29. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included the duty to take reasonable steps to warn passengers of dangerous conditions onboard of which it knew and or should have known in the exercise of reasonable care.

30. At all material times, the Defendant either actually knew or in the exercise of reasonable care should have known, through knowledge of applicable industry standards, prior incidents, its management and operation of similar attractions onboard other vessels and on affiliated shore excursions, or otherwise, that adjusting the tension of the bungee cord on the Sky

Pad while passengers such as the Plaintiff were flipping or rotating was dangerous and/or hazardous to those passengers, and therefore they should have taken reasonable measures to warn Plaintiff of the dangers posed by those adjustments through appropriate signage, oral, written or video warnings or instructions, or otherwise.

31. Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, in particular the hazards posed by adjustment of the tension of the bungee cord while passengers were using it to perform a flip or rotational maneuver, the Defendant, through its attending crewmembers operating the Sky Pad, failed to warn the Plaintiff of those dangers and was thereby negligent. Since the negligence was negligence of the Defendant's crewmembers acting in the furtherance of the vessel's business, operation of the Sky Pad attraction, the Defendant is vicariously liable for its crewmembers' negligence in failing adequately to warn or instruct the Plaintiff as described above.

32. As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III – NEGLIGENT TRAINING OF CREW

33. The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

34. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included the duty to take reasonable steps to ensure that the Sky Pad attraction was adequately staffed by

crewmembers who were properly trained and instructed in its safe operation and the procedures for its safe usage by passengers including the Plaintiff.

35. At all material times, the Defendant either actually knew or in the exercise of reasonable care should have known, through knowledge, training or experience, knowledge of applicable industry standards, prior incidents, its management and operation of similar attractions onboard other vessels and on affiliated shore excursions or otherwise, that adjusting the tension of the bungee cords on the Sky Pad while a passenger such as the Plaintiff is using it is engaged in a flip or rotation creates a dangerous and or hazardous condition to the passenger.

36. Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the Defendant failed properly to train its crewmembers who were operating the Sky Pad regarding the actually or constructively known dangers posed by adjusting the tension of the bungee cord on the Sky Pad while passenger users were engaged in flipping or rotational maneuvers and methods for avoiding or ameliorating those dangers and was thereby negligent. This negligence on the part of the Defendant was direct, since it involved negligence in training and instructing crewmembers.

37. As a result of the Defendant's negligent failure to train or instruct its crewmembers as specified above, the crewmembers operating the Sky Pad at all material times, including the time when Plaintiff was using it as referenced in Paragraph 14 above, were not aware of the need to refrain from adjusting the tension while passengers were engaged in flips or rotations and therefore negligently adjusted the tension of the cord while the Plaintiff was engaged in a flip or rotation as alleged in Paragraph 14 above, resulting in the injuries and damages alleged in Paragraph 15 above.

38.     As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed, this 5th of January, 2020.

    Respectfully submitted,

**/s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:      (305) 371-5749